UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN DELLOSANTOS and
ANTONIO DELLOSANTOS,

VS.

No.: 04-269S (Lead Case)

Consolidated with No. 04-318S

CORNELL CORRECTIONS, INC.

**CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S AND CORNELL COMPANIES, INC.'S (WRONGFULLY DESIGNATED AS CORNELL CORRECTIONS, INC.) STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 12.1**

Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc. hereby submit this statement of undisputed facts in support of their motion for summary judgment in the above-entitled action.

1. Plaintiffs, Juan and Antonio Dellosantos, were inmates lawfully confined to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt") at all times relevant to the complaints.

2. Plaintiffs commenced two separate lawsuits on or about July 1, 2004 asserting claims that their constitutional rights were violated in the wake of a release of carbon monoxide gas at Wyatt on or about August 7, 2001. This Court consolidated these two cases on August 3, 2004.

3. In their complaints the Plaintiffs state that they were housed at the Wyatt Detention Facility on August 7 and 8, 2001 as federal inmates in the custody of the U.S. Marshals Service. (Complaints ¶ V and at Supplementary Brief ¶ II.)

4. The Plaintiffs allege violations of their Fifth and Eighth Amendment rights associated with a release of carbon monoxide gas at the Wyatt Facility on or about August 7, 2001. Id. at ¶ IV and at Supplementary Brief ¶ I.

5. Specifically, the Plaintiffs' claims involve an allegation that "due to deliberate indifference inflicted by the officers [at Wyatt] plaintiff was ignored, improperly treated, after the exposure [to carbon monoxide gas] which is plaintiff's denial and violation of Plaintiff's fundamental rights of Fifth and Eighth Amendments to the U.S. Constitution." (Complaints ¶ IV.)

6. The Plaintiffs claim that this Court has jurisdiction over this matter pursuant to federal question jurisdiction, "since Plaintiffs were federal detainees housed by the U.S. Marshals Service for court due procedural" at Wyatt when the incident occurred. (Plaintiffs' Counteraffidavit to Defendant's Attorney Objection and Memorandum of Law on Plaintiffs' Misnamed Defendant's Corporation Identity, Submitted: December 15, 2004 ¶ 2; Complaints at Supplementary Brief ¶ II.)

7. Twice in their complaints, the Plaintiffs specifically allege that "Cornell Corrections, Inc. was acting . . . under the color of federal law when the violations of Plaintiffs' rights occurred." Id. at Supplementary Brief ¶ V.A and B (emphasis added).

8. The Plaintiffs' Complaints designate as named defendant "Cornell Corrections Inc., employed as Wyatt Detention Facility." (Complaints ¶ III.)

9. On or about July 14, 2004, Juan Dellosantos sent a Summons by certified mail to "Cornell Corrections, Inc. a/k/a Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863." (See **Exhibit A**, Summons and Return Receipt.)[1]

---

1 The exhibits to which this document refers are attached to the Memorandum of Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc. (Wrongfully Designated as Cornell Corrections, Inc.) in Support of Motion for Summary Judgment.

10. On or about August 17, 2004, Antonio Dellosantos sent a separate Summons directed to "Wyatt Detention Facility" by regular mail to "Attn Warden, Wyatt Detention Facility, 950 High Street, Central Falls, RI 02863." (See **Exhibit B**, 8/19/2004 Letter with attached Summons.)

11. No legal entities exist by the name of "Cornell Corrections, Inc." or "Wyatt Detention Facility." (See **Exhibit C**, Affidavit of Wayne Salisbury ¶ 8.)

12. Cornell Corrections of Rhode Island, Inc. operates the Wyatt Facility pursuant to contractual arrangements involving the United States Marshals Service and the facility's owner, the Central Falls Detention Facility Corporation. Id. at ¶ 2.

13. Cornell Corrections of Rhode Island, Inc. is a wholly owned subsidiary of Cornell Companies, Inc. Id. at ¶ 3.

14. Cornell Companies, Inc. was known as Cornell Corrections, Inc. prior to 2000 when it officially changed its name to Cornell Companies, Inc. Id. at ¶ 4; see Sarro v. Cornell Corrections, Inc., 248 F. Supp. 2d 52, 55 n. 1 (D.R.I. 2003).

15. Both the summonses and Complaints served in this action failed to designate the proper name of a legal entity against which recovery may be had.

Respectfully Submitted,
Cornell Corrections of Rhode Island, Inc. and
Cornell Companies, Inc.,
By their attorneys,

Dennis T. Grieco, II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

**CERTIFICATION**

Juan Dellosantos, *Pro se*
Fed. Reg. No. 16686-265
FCI – Loretto
P.O. Box 1000
Loretto, PA 16686

Antonio Dellosantos, *Pro se*
Fed. Reg. No. 58734-053
FCI – McKean
P.O. Box 8000
Bradford, PA 16701

I hereby certify that on the 7 day of November, 2005, I mailed a true copy of the within to the above-named individuals, as above.

[signature]