**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JUAN DELLOSANTOS and ANTONIO DELLOSANTOS, Plaintiffs | ) | Civil No. 04-269S (Lead Case) |
| | ) | Consolidated with No. 04-318S |
| v. | ) | |
| CORNELL CORRECTIONS, INC. Defendants | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGEMENT**

AND NOW COMES ANTONIO DELLOSANTOS (Hereinafter "Plaintiff Antonio"), proceeding pro se, and responds to Defendant's motion for summary judgement. Plaintiff Antonio responds as follows:

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d. Cir 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will

prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (174). However, a court need not credit a complaint's "bald assertion" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d. Cir. 1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz, supra.

Federal Rule of Civil Procedure 56(c) provides that summary judgement shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to judgement as a matter of law." Rule 56(e) further provides that when a motion for summary judgement is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgement, **if appropriate**, shall be entered against the adverse party." Id.

A district court may grant summary judgement for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P 56(c); Krouse v. American Sterilizer

Co., 126 F.3d 494, 500 n.2 (3d. Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Further, Rule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact "to demand at least one sworn averment of that fact before the lengthy process of litigation continues." Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d. Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance which supports each element of his claim to defeat a properly presented motion for summary judgement). The non-moving party must go beyond the pleading and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgement, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Firemen's Ins. Co. of Newark, N.J. v.

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgement is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

Pro se pleadings, "however inarfully pleased," must he held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521 (1972) quoting Conley v, Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonable read pleadings to state a valid claim on which the litigant could prevail it should be done so despite failure to site proper legal authority, confusion of legal theories, poor syntax and sentence construction. or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 362 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d. Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). See Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)(explaining that "courts hold pro se pleadings to less demanding standards than those drafted by lawyers"); Institution de Educacion Universal Corp. v. United States Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

A. PLAINTIFF PLACES THE HONORABLE COURT ON NOTICE OF DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S ORDER DATED JUNE 16, 2005.

Plaintiff filed a motion to compel defendant to disclose/ provide discovery pursuant to Federal Rule of Civil Procedure 26. In particular, your Plaintiff sought a copy of Defendant's contract with the government to house their federal inmates.

Plaintiff contends that the motion is material to the immediate civil matter because it serves to prove the extent of Defendant's liability and responsibility of the inmates in their care.

On June 16, 2005, the Honorable Court granted said motion, However, to date, the Defendant's failed to comply with the Court's order.

B. PLAINTIFF ANTONIO HAS PROVIDED SUFFICIENT SERVICE OF PROCESS UPON THE DEFENDANTS.

Plaintiff Antonio has served the Defendants by forwarding a summons package via both regular and certified mail with return receipt requested.

On August 19, 2004, Plaintiff Antonio forwarded a summons via regular mail, addressed to the Attention of Warden, Wyatt Detention Facility, 950 High Street, Central Falls, Rhode Island 02863.

Subsequently, Plaintiff Antonio learned that "Cornell Corrections, Incorporated was the former name of Cornell Companies Incorporated, the Texas corporate parent of Cornell Corrections of Rhode Island, Incorporated. Cornell Companies, Incorporated has its principle place of business in Texas." See Defendants' Memorandum of Law (dated December 15, 2004) pg. 3 n. 2.

On December 29, 2004, Plaintiff Antonio served Steven W. Logan, Chief executive officer of Cornell Corrections — North America with a summons package via certified mail with return receipt requested.

It is respectfully submitted that your Plaintiffs are presently incarcerated and cannot personally serve the Defendants with the summons and complaint. Plaintiffs have, in good faith, attempted to comply with the requirements of service provided in Federal Rule of Civil Procedure 4.

C. DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT SHOULD BE DENIED BECAUSE PLAINTIFFS HAVE NOT HAD THE OPPORTUNITY TO MAKE FULL DISCOVERY.

The Defendant's claim that "[t]he Plaintiffs cannot maintain an action under Biven or §1983 because the Cornell Corporations did not act under color of federal or state law for purposes of constitutional liability," Defendant's Motion for Summary Judgement at 5, because they are a private corporation.

Plaintiff Antonio brings to the Court's attention that the Defendant's have used the aforesaid defenses in a number of cases: Lawson v. Liburdi, 114 F.Supp.2d 31, (D.R.I. 2000); Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52 (D.R.I. 2003); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114 (D.R.I. 2004). It appears as though the Defendants will continue to use the defense of being corporate employees to violate the constitutional rights of the federal inmates in their custody.

Plaintiffs assert that the disclosure of the defendant's contract with the government to house their federal inmates is material in this matter.

The Court has the authority under Fed.R.Civ.P. 56(f)* to deny the summary judgement motion, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery. The Court should not enter judgement if it appears that there is a material issue of disputed facts, but must await discovery and trial, during which Plaintiffs will have the opportunity to prove those material facts. See, e.g., Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (1977). In the immediate suit, Defendants' contract with the government to house their federal inmates is at issue because it will prove, or disprove, if the officers at the Donald W. Wyatt Detention Facility are acting under the color of either state or federal law.

D. PLAINTIFF ANTONIO IS WILLING TO PROVIDE A COPY OF HIS MEDICAL RECORDS.

Defendants argue that Plaintiff Antonio has not provided a copy of his medical record.

It is respectfully submitted that Plaintiff Antonio advised the Defendants that he is "willing to release [his] medical records for [their] inspection." However, he "will need [the Defendants] to forward a waiver/release form so [he] can sign and present...to the medical department at [McKean]." Letter of Plaintiff Antonio dated April 4, 2005.

To the date of filing, Defendants have failed to provide Plaintiff Antonio with the requested medical release form.

* Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgement or may order a continuance to permit affidavits to be taken or discovery to be had or may make such other order as is just."

**Wherefore,** for the foregoing reasons, Defendants' motion for summary judgement should be denied. In addition, Plaintiff Antonio moves the Honorable Court to enforce the Court's Order dated June 16, 2005. **AFFIANT FURTHER SAYETH NAUGHT.**

Respectfully submitted,

Antonio De Los Santos

Date: 12/25/05

Antonio De Los Santos
Reg. No. 58734-053
FCI-McKean County
P.O. Box 8000
Bradford, PA 16701

As to the foregoing, Plaintiff Antonio swears the facts herein are true and correct to the best of his knowledge and belief under the penalty of perjury, per 28 U.S.C § 1746.

Antonio De Los Santos

Date: 12/25/05

**CERTIFICATE OF SERVICE**

I, Antonio De Los Santos, hereby certify that a true copy of the foregoing **PLAINTIFFS' RESPONSE** has on this date been served upon the Defendants, postage prepaid, addressed as follows:

Dennis T. Grieco II
Gidely, Sari & Marusak, LLP
One Turks Head Place, Suite 900
Providence, Rhode Island 02903

Antonio De Los Santos

Date: 12/25/05