***NO HEARING REQUESTED***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN DELLOSANTOS and
ANTONIO DELLOSANTOS,

No.: 04-269S (Lead Case)

VS.

Consolidated with No. 04-318S

CORNELL CORRECTIONS, INC.

**REPLY MEMORANDUM OF CORNELL CORRECTIONS OF RHODE ISLAND, INC. AND CORNELL COMPANIES, INC. (WRONGFULLY DESIGNATED AS CORNELL CORRECTIONS, INC.) IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

Cornell Corrections of Rhode Island, Inc. ("Cornell of RI") and Cornell Companies, Inc. ("Cornell Companies") (collectively "Cornell") submit this memorandum in reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

**BACKGROUND**

On November 7, 2005 Cornell filed a motion for summary judgment in the present action, articulating several grounds therefor. Specifically, Cornell argued that it is not a governmental actor against which constitutional claims may be alleged; alternatively, that Plaintiff's Bivens claims could not be maintained against Cornell, as the Cornell entities are private corporations; that Plaintiff's claims under 42 U.S.C. § 1983 could not be maintained against Cornell, as there is no *respondeat superior* liability under § 1983; that Cornell Companies, Inc. is entitled to summary judgment, as it is not liable for any alleged negligence on the part of its subsidiary; and that Plaintiffs have failed to state a cognizable claim against any legal entity and have failed to effect service of process.

Apparently conceding the majority of grounds entitling Cornell to summary judgment, Plaintiff, Antonio Dellosantos filed an objection addressing just three issues.[1] Antonio Dellosantos first argues that service of process has been perfected in this case. (Plaintiffs' Response to Defendant's Motion for Summary Judgment, at 5-6.) He also argues that Cornell's "contract with the government to house their federal inmates is at issue because it will prove, or disprove, if the officers at the Donald W. Wyatt Detention Facility are acting under the color of either state or federal law." Id. at 7. Finally, he addresses Cornell's separate motion to dismiss by arguing that he never produced his medical records, because Cornell did not provide him with a medical release form. Id.

None of these arguments have merit. Even if they did Cornell would be entitled to summary judgment for all of the alternative reasons set forth in their original motion.

## ARGUMENT

### I. STANDARD OF REVIEW

"Summary judgment should be granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Scully Signal Company v. Joyal, 881 F. Supp. 727, 738 (D.R.I. 1995) (citing Fed. R. Civ. P. 56(c)) (other citations omitted). To overcome a motion for summary judgment under Rule 56(c), the nonmoving party must present facts that show that there is a genuine issue for trial. Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "After adequate time for discovery, when a defendant moving for summary judgment identifies for the court the fatal deficiencies in the plaintiff's case, a plaintiff's complete failure of proof

1 Although the untimely objection is purportedly made on behalf of both plaintiffs, it is signed only by Antonio Dellosantos. Antonio, as a *pro se* litigant, cannot represent or file papers with the court on behalf of Juan. U.S. Dist. LR Gen 205(a)(2).

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and compels summary judgment in favor of the defendant. National Creditu Union Administration Board v. Regine, 795 F. Supp. 59, 69 (D.R.I. 1992) (internal quotation omitted).

## II. ANTONIO DELLOSANTOS' MAILING SENT TO STEVEN W. LOGAN AT "CORNELL CORRECTIONS – NORTH AMERICA" WAS INEFFECTIVE TO PERFECT SERVICE OF PROCESS UPON CORNELL

Antonio Dellosantos argues that Cornell's motion should be denied, because he perfected service of process upon Cornell on December 29, 2004 by mailing what he calls a "summons package via certified mail" to Steven W. Logan. (See Plaintiffs' Response to Defendant's Motion for Summary Judgment, at 6.) Although the Plaintiff attaches no proof of this service to his Response, he referred to this purported service in his Answers to Interrogatories. Specifically, when asked what measures were taken by the Plaintiffs to perfect service of process of this action, Plaintiff Antonio responded that he "forwarded Mr. Logan a summons and civil action process package via certified mail," and as support referred to two documents that he attached as Exhibits 2 and 3 to his Answers to Interrogatories. (See Plaintiff Antonio De Los Santos' Answers to Defendant Cornell Corrections Corporation's Answers to Interrogatories at No. 18, with attached exhibits, attached hereto as **Exhibit A.**)

Exhibit 2 to the Answers to Interrogatories, however, indicates that Plaintiff Antonio sent to Steven W. Logan a waiver of service package rather than formal process. Exhibit 2 contains a letter from Plaintiff Antonio to Mr. Logan, stating as follows: "Enclosed herewith please find a complete Waiver of Service Package. The package includes one (1) copy of the complaint, two (2) waivers, and a self-addressed, stamped envelope for your utmost convenience." (**Exhibit A**, Plaintiff Antonio's Answers to Interrogatories at Exhibit 2, Letter from Antonio Dellosantos to Steven W. Logan, CEO, Cornell Corrections – North America.) Exhibit 3 is merely the green

card and receipt for the "Waiver of Service Package" purportedly sent to Mr. Logan and indicates that the package was delivered to a person named T. Hebert in January of 2005. (**Exhibit A**, Plaintiff Antonio's Answers to Interrogatories at Exhibit 3.) Plaintiff provided this information regarding his attempts at effecting service in his Answers to Interrogatories dated June 2, 2005, and he has not supplemented this response. Plaintiff Juan has failed to provide any Answers to Interrogatories and therefore has provided no further information regarding attempts to serve process.

Thus, as documents provided by the Plaintiff indicate, Antonio Dellosantos sent to Steven W. Logan a request for waiver of service and never completed formal service with a summons, as required by Federal Rule of Civil Procedure 4. Furthermore, even if Plaintiff contends that the package contained a summons, although the evidence demonstrates conclusively otherwise, service would still be ineffective because the package was addressed to "Steven W. Logan, CEO, Cornell Corrections – North America" and delivered on January 1, 2005. (See **Exhibit A**, Plaintiff Antonio's Answers to Interrogatories at Exhibit 3, certified mail domestic return receipt.) "Cornell Corrections – North America" is a non-entity, so service upon that entity would be ineffective as to Cornell. Furthermore, Plaintiff did not deliver this package within 120 days of filing his complaint, as required by Fed. R. Civ. P. 4(m). For these reasons, delivery of this package was insufficient to effect service of process upon Cornell.

## III. CORNELL'S CONTRACT TO HOUSE FEDERAL DETAINEES IS IMMATERIAL, AS CORNELL IS ENTITLED TO SUMMARY JUDGMENT WHETHER IT IS DEEMED TO HAVE ACTED UNDER COLOR OF STATE OR FEDERAL LAW

Antonio Dellosantos argues that Cornell's motion for summary judgment should be denied pursuant to Fed. R. Civ. P. 56(f), because "disclosure of the defendant's contract with the

government to house their federal inmates is material in this matter," and he has not had an opportunity to review that contract. (See Plaintiffs' Response to Defendant's Motion for Summary Judgment, at 6-7.) According to Plaintiff, this contract will determine whether Cornell acts under color of state or federal law for purposes of constitutional liability. Id. at 7.

Rule 56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit . . . discovery to be had . . . .

Fed. R. Civ. P. 56(f).

In this case, Plaintiffs did not file any affidavits opposing the motion for summary judgment and therefore, they are not entitled to relief under Rule 56(f). In his opposition to the original motion, Antonio Dellosantos merely points out that he has not received a copy of Cornell's contract to house federal inmates[2]; he does not, however, explain the connection between the absence of this contract and his supposed inability to allege facts essential to justify his opposition. All he states is that the contract "will prove, or disprove, if the officers at the Donald W. Wyatt Detention Facility are acting under the color of either state or federal law." (Plaintiffs' Response to Defendant's Motion for Summary Judgment, at 7.)

However, as explained in the original motion and unrefuted by the Plaintiffs, even if Cornell is deemed a governmental actor, Cornell is entitled to summary judgment on other grounds, whether it is deemed to have acted under color of federal or state law. Specifically, if Cornell acted under color of federal law, Plaintiffs may not prevail because Bivens claims may

---

2 A copy of the contract has been provided to Plaintiffs as of the filing of this Reply Memorandum.

not be brought against private corporations. (See Cornell's Memorandum in Support of Motion for Summary Judgment, at Part II-C.) If Cornell acted under color of state law, Plaintiffs may not prevail because they have failed to identify any corporate policy or custom giving rise to a claim under 42 U.S.C. § 1983. Id. at Part II-D. The contract to house inmates is therefore immaterial. "Movants for summary judgment do not have to present evidence as to averments involving immaterial issues. A material issue is raised when the facts alleged, if proven, are such as to constitute a valid claim or defense." Federal Deposit Insurance Corp. v. Fonseca, 795 F.2d 1102, 1106 (1st Cir. 1986). Any allegations that Cornell acted under color of certain law would not constitute a valid defense to the motion for summary judgment, as Plaintiffs' complaint was otherwise fatally deficient. See Hahn v. Sargent, 523 F.2d 461, 468 (1st Cir. 1975) (defendant entitled to summary judgment because "section 1983 does not provide a vehicle for the adjudication of claims against a single private individual," and summary judgment had entered in favor of all other defendants). Accordingly, summary judgment should enter in favor of Cornell.

Plaintiffs' previous inability to review the contract is irrelevant to the multiple alternative grounds for entry of summary judgment for the Cornell corporations. Accordingly, there is no reason to delay entry of that judgment.

## IV. PLAINTIFFS FAILED TO DISCHARGE THEIR OBLIGATION TO PROVIDE THE DOCUMENTS REQUESTED FROM CORNELL, AS IT WAS PLAINTIFFS' BURDEN TO OBTAIN AND PRODUCE THESE DOCUMENTS

Finally, Antonio Dellosantos addresses Cornell's motion to dismiss in arguing that he never produced his medical records because Cornell did not provide him with a medical release form. (See Plaintiffs' Response to Defendant's Motion for Summary Judgment, at 7.) However, plaintiffs are obligated under Rule 34 to produce all documents of which they have possession,

custody, or control. Fed. R. Civ. P. 34. "Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2210. It was therefore the Plaintiffs' burden to produce documents which they had a legal right to obtain, and this duty was not discharged by the Plaintiffs. Cornell was not obligated to ease the Plaintiffs' burden, as the Plaintiffs had equal access to these documents. Furthermore, Plaintiffs could easily have otherwise obtained a medical release form from their relevant medical providers, as they are required to produce Plaintiffs' records to them pursuant to the so-called federal HIPAA regulation. See 45 C.F.R. § 164.524(a)(1). Finally, although Plaintiffs excuse their failure to provide medical records, they have not addressed their failure to provide the other documents sought by Cornell in its requests for production of documents to Plaintiffs. Accordingly, Plaintiffs' failure to comply with Cornell's discovery requests should not be excused.

## CONCLUSION

For all of the above stated reasons, summary judgment should enter in favor of Cornell of RI and Cornell Companies.

Cornell Corrections of Rhode Island, Inc. and
Cornell Companies, Inc.,
By their attorneys,

Dennis T. Grieco, II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

**CERTIFICATION**

Juan De Los Santos, *Pro se*
Fed. Reg. No. 16686-265
FCI – Loretto
P.O. Box 1000
Loretto, PA 16686

Antonio De Los Santos, *Pro se*
Fed. Reg. No. 58734-053
FCI – McKean
P.O. Box 8000
Bradford, PA 16701

I hereby certify that on the 31st day of January, 2006, I mailed a true copy of the within to the above-named individuals, as above.

[signature]

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN DELLOSANTOS and ANTONIO DELLOSANTOS<br>Plaintiff<br>v.<br>CORNELL CORRECTIONS, INC.<br>Defendant | Civil No. 04-269S (Lead Case)<br>Consolidated with No. 04-318S |

**PLAINTIFF ANTONIO DE LOS SANTOS' ANSWERS TO DEFENDANT CORNELL CORRECTIONS CORPORATION'S ANSWERS TO INTERROGATORIES**

**INTERROGATORY No. 1**: State your full name, any other names you have been known by, date of birth, marital status, home address and present address, occupation or business, name of employer or business, business address and social security number.

**ANSWER**: Antonio De Los Santos, [redacted], married, current address: FCI-McKean County, P.O. Box 8000, Bradford, Pennsylvania 16701, Inmate No.: 58734-053. Objection as to providing my Social Security number.

**Interrogatory No. 2**: Give a detail description of the damages and/or injuries, physical, mental or otherwise, alleged to have been suffered by you, designating those which were temporary and those which are permanent and as to the latter, state how they manifested themselves.

**Answer**: The injuries I sustained from being exposed and contaminated by the carbon monoxide poisoning are as follows: I felt very weak and I had a huge headache. I felt like my brain was being squeezed. I experienced acute chest pain and felt an ache in my joints and arm. I felt like my kidneys were hurting, and I tend to be forgetful. I get dizzy when I stand for long periods of time and I have trouble sleeping. I still get nauseous and experience headaches. I also experience shortness of breath.

**Interrogatory No. 3**: State the names and addresses of all practitioners of the healing arts, and hospitals and institutions from whom or where you received treatment, examination or consultation for the injuries alleged to have been suffered by you, specifying as the each the date and the nature thereof.

**Answer**: Plaintiff objects to this Interrogatory on the basis that it is vague, cumulative, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, and appears to inquire about attorney work product.

**Interrogatory No. 18**: State the specfic action taken by you or someone acting on your behalf to file and prosecute this lawsuit, to investigate the identity of any potential defendant and to effect service of process upon each defendant.

**Answer**: I forwarded a copy of the Complaint to the Warden of the D.W. Wyatt Detention Facility via certified mail with return reciept requested. I also contacted Art Contreras, Manager of the United States Marshals Service in Houston, Texas, inquiring if they would serve a summons and civil action process package to Steven W. Logan, Chief Executive Officer of Cornell Corrections-North America and Harry Phillips, Manager of Cornell Corrections-North America.

The U.S. Marshals responded that, "(s)ervices by the U.S. Marshals (are) limited to cases where the plaintiff is authorized by the court to proceed in forma pauperis, pursuant to 28 U.S.C. 1915..."

They further advised that "(t)he state of Texas recognizes certified mail as personal services...U.S. Marshals Service does not do private process." **See** Exhibit 1.

Subsequently, I forwarded Mr. Logan a summons and civil action process package, via certified mail with return receipt requested. I enclosed two waiver forms to avoid unnecessary costs of service of summons along with a self-addressed, stamped envelope. **See** Exhibit Nos. 2 and 3.

**Interrogatory No. 19**: Set forth the particular law or legal authority, whether statutory, constitutional or otherwise, under which you claim each defendant and/or employees or agents were acting while committing the alleged violations contained in your Complaint.

**Answer**: Plaintiff objects to this Interrogatory on the basis that it is vague, cumulative, overly broad, unduly burdensome, not resonably calculated to lead to the discovery of relevant information, and is protected by work product privilege.

**Interrogatory No. 20**: For each of the claims identified and described in the prior Interrogatory, set forth each and every fact upon which you rely to support allegations against each Defendant.

**Answer**: Plaintiff raised an objection to Interrogatory No. 19. Notwithstanding the foregoing objection and without waiver thereof Plaintiff wishes to direct Defendant's attention to both Affidavit of Antonio De Los Santos and Plaintiffs' Complaint.

**Interrogatory No. 25**: With respect to each employment you have had within the last ten (10) years, set forth:

(a) name and address of each employer;

(b) the dates you were employed with each employer;

(c) your weekly earning with each employer; and

(d) the title and nature of your duties with each employer.

**Answer**: Plaintiff objects to this Interrogatory on the basis that it does not lead to the discovery of relevant information. Plaintiff is not making a claim for lost wages.

**Interrogatory No. 26**: Set forth:

(a) name and address of each educational institution of any and every nature whatsoever in which you received schooling or other training;

(b) the dates during which you attended each such educational institution;

(c) the nature of the school or other training you received at each such institution; and

(d) the level of education (e.g. grade level, diploma, certificate, etc.) attained by you at each such institution.

**Answer**: Plaintiff objects to this Interrogatory on the basis that it does not lead to the discovery of relevant information.

**SWORN ON THIS 2 DAY OF JUNE 2005, UNDER THE PENALTY OF PERJURY.**

Antonio De Los Santos

Antonio De Los Santos

SWORN AND SUBSCRIBED BEFORE ME

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Craig E. Engstrom, Notary Public
Lafayette Twp., McKean County
My Commission Expires Apr. 10, 2006
Member, Pennsylvania Association of Notaries

# EXHIBIT

# 2

**Mr. ANTONIO DELLOSANTOS**
Registration No. 58734-053

FCI-McKean P.O. Box 8000 Bradford, Pennsylvania 16701

7004 0550 0000 3421 9077

**CERTIFIED MAIL W/ RETURN RECEIPT REQUESTED**

**Attn** Steven W. Logan, CEO
Cornell Corrections — North America
1700 West Loop, Suite 1500
Houston, Texas 77027-3089

**Re: JUAN DELLOSANTOS and ANTONIO DELLOSANTOS v.**
**CORNELL CORRECTIONS, INC.**
**CIVIL ACTION NO. 04-269 S (Lead case)**
**CONSOLIDATED WITH NO. 04-318 S**

Dear Mr. Logan:

Enclosed herewith please find a complete Waiver Of Service Package. The package includes one (1) copy of the complaint, two (2) waivers, and a self-addressed, stamped envelope for your utmost convenience.

If you wish to waive the service of summons on this matter, please forward the waiver form in the provided envelope within thirty (30) days from the date of receipt. This package was mailed to you on December 27, 2004, and thirty days therefrom will be January 26, 2004.

Thank you for your attention, as well as your cooperation on this matter.

Sincerely,

Antonio Dellosantos

AD/cjl
Enclosures
cc: Juan Dellosantos
: File

TO: Steven W. Log[illegible]

[as CEO of Cornell Corrections, Inc]

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Dist. Rhode Island and has been assigned docket number 04-318 S.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope for your utmost convenience. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if your address in not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf your are addressed) to pay the full costs of such service. In that connection please read the statement concerning the duty of parties to waive the service of the summons, which is set forth on the reverse side of the waiver form.

I affirm that this request is being sent to you on behalf of of the plaintiff, this 29 days of December, 2004.

Antonio De los Santos

TO: Juan Dellosantos and Antonio Dellosantos

I acknowledge receipt of your request that I waive service of a summons in the action of JUAN DELLOSANTOS and ANTONIO DELLOSANTOS v. CORNELL CORRECTIONS, INC., which is case number 04-318 S in the United States District Court for the DIST. Rhode Island. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __________, or within 90 days after that date if the request was sent outside the United States.

____________________ DATE

____________________

____________________ Printed/typed name

[as ____________________]

[of ____________________]

**DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4 of the Federal Rules of Civil Procedure requires parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States, who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint us unfounded, or that the actions has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver for serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within the time, a default judgement may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# EXHIBIT

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steven W. Logan, CEO
Cornell Corrections — North America
1700 West Loop, Suite 1500
Houston, Texas 77027-3089

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X T. Hebert ☐ Agent ☐ Addressee

B. Received by (Printed Name) T. Hebert

C. Date of Delivery 05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7004 0550 0000 3421 9077

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

---

7004 0550 0000 3421 9077

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.29 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.34 |

Postmark Here

Antonio Dellosantos
# 58734-053
Unit BB

Sent To Steven W. Logan, Chief Exec. Officer
Street, Apt. No.; or PO Box No. 1700 West Loop, Suite 1500
City, State, ZIP+4 Houston, Texas 77027-3089

PS Form 3800, June 2002 See Reverse for Instructions