UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN DELLOSANTOS and
ANTONIO DELLOSANTOS

v.   C.A. No. 04 - 269 S

CORNELL CORRECTIONS, INC.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the motion of Cornell Corrections of Rhode Island, Inc., and Cornell Companies, Inc., (collectively "defendants") to dismiss pursuant to Fed.R.Civ.P. 37 (d) and Fed.R.Civ.P. 41(b). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend defendants' motion to dismiss be denied.[1]

### Background

Juan Dellosantos and Antonio Dellosantos (collectively "plaintiffs"), incarcerated at different federal prisons in Pennsylvania, filed a *pro se* complaint alleging constitutional violations during their confinement at Wyatt Detention Facility in Central Falls, Rhode Island. Currently before the Court is the motion of the defendants to dismiss. In their motion, defendants contend that plaintiff Juan Dellosantos failed to provide answers to interrogatories and both plaintiffs failed to respond to a request for production of documents. Accordingly, defendants contend that they are entitled to dismissal pursuant to Rule 37(d) and/or Rule 41(b) of the Federal Rules of Civil

---

[1] A motion for summary judgement filed by Cornell Corrections of Rhode Island, Inc., and Cornell Companies, Inc., remains pending and will be considered in due course.

Procedure. I disagree.

### Discussion

**a. Rule 37(d) Motion**

Rule 37(d) of the Federal Rules of Civil Procedure provides, in part:

> If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed.R.Civ.P. 37(d).

Any motion made pursuant to Rule 37(d) citing a failure to serve answers to interrogatories or to permit inspection of documents must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. Id. Here, defendants failed to provide a good faith certification in their motion. Such a certification is necessary prior to this Court sanctioning the plaintiffs under Fed.R.Civ.P. 37(d). Accordingly, I recommend that the defendants' motion to dismiss pursuant to Rule 37(d) be denied on that basis.

**b. Rule 41(b) Motion**

Next, defendants move for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.

Fed.R.Civ.P. Rule 41(b).

2

Defendants seek dismissal pursuant to Rule 41(b) based upon plaintiff Juan DelloSantos' alleged failure to provide answers to interrogatories and both plaintiffs' failure to produce documents. Notably, defendants never filed a motion to compel pursuant to Fed.R.Civ.P. 37(a), bypassing the good faith certification required under that provision. Defendants' reliance on Rule 41(b) as authority for dismissal for a failure to provide discoverable information is improper; Rule 37 is the exclusive source of authority for dismissal on this ground. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 78 U.S. 197, 208 (1958).

Alternatively, even if Rule 41(b) were an appropriate avenue for dismissal in this situation, I find that dismissal would be inappropriate. The drastic remedy of dismissal should only be employed when a plaintiff's misconduct has been extreme and only after the court has determined that no lesser sanction would be appropriate. Estate of Solis-Rivera v. U.S., 993 F.2d 1, 2-3 (1st Cir. 1993). Such a dismissal should follow a careful consideration of several factors, including severity of the violation, legitimacy of the party's excuse, repetition of violations, deliberateness of misconduct, mitigating excuses, prejudice, and adequacy of lessor sanctions. Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996).

Considering these factors, I find dismissal inappropriate. First, the plaintiffs are *pro se* and seemingly unfamiliar with the Federal Rules of Civil Procedure. Second, the Court has not been put on notice of plaintiffs' alleged failure to cooperate with discovery prior to the instant motion, eliminating any chance for them to adequately comply. Third, there have been no previous sanctions requested or levied against plaintiffs in this matter. Finally, plaintiffs appear not to have refused to cooperate but are under some legal misapprehensions about their obligations with discovery.

To recommend dismissal would be far too severe a sanction here, particularly in light of the

defendants' failure to seek a motion to compel before seeking dismissal. Accordingly, I recommend that the defendants' motion to dismiss be denied.

## Conclusion

Accordingly, for the reasons set forth above, I recommend that the defendants' motion to dismiss be denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); L.R.Cv. 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986)(per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopain
Senior United States Magistrate Judge
April 11, 2006