UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Juan Dellosantos and
Antonio Dellosantos

v.                                          C.A. No. 04-269 S

Cornell Corrections Inc.,
aka: Wyatt Detention Facility

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiffs Juan Dellosantos and Antonio Dellosantos, *pro se*,
brought this action pursuant to 42 U.S.C. § 1983 and/or Bivens v.
Six Unknown Named Agents of the Federal Bureau of Narcotics, 403
U.S. 388 (1971). Plaintiffs name as a defendant "Cornell
Corrections, Inc. aka: Wyatt Detention Facility" and allege
violations of their Fifth and Eighth Amendment rights.

Currently before the Court is the motion of Cornell
Corrections of Rhode Island, Inc. ("Cornell RI"), and Cornell
Companies, Inc. ("Cornell TX"), for summary judgement pursuant to
Fed. R. Civ. P. 56(c). In their motion, Cornell RI and Cornell TX
contend, *inter alia*, that dismissal is appropriate because of an
insufficiency of process and an insufficiency of service of
process. See Fed. R. Civ. P. 12(b)(4) & (5). Plaintiffs have
objected. This matter has been referred to me pursuant to 28
U.S.C. § 636(b)(1)(B) for a report and recommendation. For the
reasons that follow, I recommend that Cornell RI and Cornell TX's

1

motion be granted, and Cornell RI and Cornell TX be dismissed from this action due to an insufficiency of process and an insufficiency of service of process.

### Background

The following facts are undisputed, unless otherwise noted, and are taken from the parties' submissions:

In July of 2004 plaintiff Juan Dellosantos ("JD") filed a Complaint with the Court naming as a defendant "Cornell Corrections, Inc., aka: Wyatt detention Facility." Also in July of 2004, plaintiff Antonio Dellosantos ("AD") filed a Complaint with the Court naming as a defendant "Cornell Corrections, Inc., aka Wyatt Detention Center." Both Complaints alleged wrongdoing associated with alleged injuries the plaintiffs received following a carbon monoxide gas leak at the Wyatt Detention Facility in Central Falls, Rhode Island, during the plaintiffs' confinement there. The Court consolidated the cases into one, the instant case, C.A. No. 04-269 S.

Initially, plaintiff JD attempted to secure service. JD mailed a summons by certified mail addressed to "Cornell Corrections, Inc. aka: Wyatt Detention Facility," to the Wyatt Detention Facility in Central Falls. Plaintiff AD also attempted to secure service. AD mailed a summons directed to "Warden, Wyatt Detention Facility" to the Wyatt Detention Facility in Central Falls. After I determined that these initial attempts by the

2

plaintiffs to secure service were insufficient, the plaintiffs' filed a motion to extend time to effect service. I granted the motion and extended the plaintiffs' time to serve until January 13, 2005.

On December 29, 2004, plaintiff AD attempted to secure service again. AD sent, via certified mail, what he described as a "summons package" addressed to the Chief Executive Officer of Cornell TX, in Houston, Texas. The "summons package" contained a copy of the complaint, two waiver forms, and a stamped, self-addressed envelope. The package did not contain a summons.

Cornell RI and Cornell TX have now filed a motion for summary judgement. In their motion, they contend, *inter alia*, that dismissal is appropriate because neither Cornell RI nor Cornell TX have been properly served and cite as authority Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Plaintiffs have objected to the motion, contending that they "attempted to comply" but otherwise do not dispute that they did not follow the requirements of Fed. R. Civ. P. 4. <u>See</u> Plaintiffs' Response to Defendant's [sic] Motion for Summary Judgement at 5-6.

## Discussion

Once a plaintiff commences a civil action by filing a Complaint with the court, "the plaintiff is responsible for service of a summons and complaint" on the named defendant. <u>See</u> Fed. R. Civ. P. 4(c)(1). A plaintiff must serve the defendant

3

within 120 days after filing the complaint, although the court may grant an extension upon a showing of good cause. <u>See</u> Fed. R. Civ. P. 4(m); <u>United States v. Ayer</u>, 857 F.2d 881, 884 (1st Cir. 1988). A plaintiff who wishes to avoid the requirements of formal service of process may request the defendant to waive formal service pursuant to Rule 4(d). However, the defendant need not consent to such a waiver, and, importantly, the 120 day period for completing service does not toll while the defendant considers whether to waive service. <u>See</u> Fed. R. Civ. P. 4(d)(4) advisory committee's note to 1993 amendment.

## I. Plaintiffs' Initial Attempts to Secure Service of Process

Plaintiff JD, on July 1, 2004, mailed a summons to "Cornell Corrections, Inc. a.k.a. Wyatt Detention Facility, 950 High Street, Central Falls, R.I." Similarly, Plaintiff AD mailed a summons directed to "Warden, Wyatt Detention Facility" to the Wyatt Detention Facility in Central Falls. Plaintiffs' initial attempts to secure service of process on Cornell RI and Cornell TX, if they are in fact the intended defendants, fall short of the requirements set forth in Rule 4.

First, neither AD nor JD appear to have provided a copy of the Complaint along with the summons in their respective initial mailings. <u>See</u> Fed. R. Civ. P. 4(c)(1) ("A summons shall be served together with a copy of the complaint."). Second, the delivery of the service of process was deficient. <u>See</u> Fed. R. Civ. P. 4

(c)(1); <u>See also</u> Fed. R. Civ. P 12(b)(5). Neither Cornell RI nor Cornell TX executed a waiver of service form. Therefore, plaintiffs were required to secure formal service.

Because Cornell RI is a domestic corporate defendant who did not waive service, the plaintiffs must adhere to Fed. R. Civ. P. 4(h) or R.I. Super. R. Civ. P. 4(e)(3) (incorporated into the Federal Rules of Civil Procedure by Rule 4(h)(1)). To satisfy the requirements of R.I. Super. R. Civ. P. 4(e)(3), service must be performed by delivering the summons and complaint to an officer, managing or general agent or by leaving a copy of the summons and complaint at an office of the corporation with a person employed therein. R.I. Super. R. Civ. P. 4(e)(3). Fed. R. Civ. P. 4(h) has similar requirements. <u>See</u> Fed. R. Civ. P. 4(h). Mailing a summons blindly to the Wyatt facility, as here, falls short of the plaintiffs' obligation to deliver a copy of the complaint and summons to Cornell RI.

Similarly, plaintiffs' mailings of a summons to the Wyatt facility did not constitute proper service on Cornell TX. As mentioned, pursuant to Rule 4(h), a plaintiff must deliver the complaint and summons to an officer, managing agent, or other authorized agent to receive service. <u>See</u> Fed.R.Civ.P. 4(h). The same must be done under Rhode Island Rules of Civil Procedure, <u>see</u> R.I. Sup. Ct. R. Civ. P. 4(e)(3), and the Texas Rules of Civil Procedure. <u>See</u> Tex. R. Civ. P. 99; <u>see also</u> Tex. Bus. Corp. Act,

Art. 2.11 (incorporated into the Federal Rules of Civil Procedure by Rule 4(h)(1)). Again, blindly mailing a summons to the Wyatt facility, as here, falls short of the plaintiffs' obligation to "deliver" a copy of the complaint and summons to Cornell TX. Also, as mentioned above, plaintiffs' did not include in their initial mailings a copy of the complaint.

Accordingly, plaintiffs' first attempts to serve process was deficient.


## B. Plaintiff AD's Second Attempt to Secure Service

Finally, plaintiff AD attempted to secure service on Cornell TX by mailing what he described as a "summons package" addressed to the Chief Executive Officer of Cornell TX, in Houston, Texas. The "summons package" contained a copy of the complaint, two waiver forms, and a stamped, self-addressed envelope. Cornell TX, however, did not execute the waiver.

Though plaintiff AD did attempt to secure service by requesting a waiver, Cornell TX has no obligation to comply with this request. When no response to such a request is secured, it remains the plaintiffs' obligation to serve the defendant timely and properly. See Fed. R. Civ. P. 4(c)(1) (plaintiff is "responsible for the service of a summons and a complaint ...").

As already mentioned, in order to secure proper service on a corporate defendant, plaintiffs must "deliver" a copy of the

6

complaint and a summons to an officer, a managing or general agent, or to any agent authorized by law to receive service. <u>See</u> Fed. R. Civ. P. 4(h); R.I. Super. R. Civ. P. 4(e)(3); Tex. R. Civ.P. 99; <u>see also</u> Tex. Bus. Corp. Act, Art. 2.11. Here, plaintiffs sent only a complaint and a waiver form via "U.S. Mail to the CEO of Cornell Corrections-North America." <u>See</u> Plaintiffs' Response to Defendant's [sic] Motion for Summary Judgement, at 6. This is an improper delivery of process under the Federal Rules of Civil Procedure, the Rhode Island Superior Rules of Civil Procedure, and the Texas Rules of Civil Procedure. Moreover, no summons was included in the mailing.

Accordingly, since the process the plaintiffs' attempted to serve was deficient, and because the "delivery" of the process was also deficient, I find that Cornell RI and Cornell TX should be dismissed from this action. I so recommend.

### Conclusion

For the reasons stated above, I recommend that Cornell RI and Cornell TX be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(4) and (5). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's

decision. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir.

1986) (per curiam); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616

F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
July 24, 2006